UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOGDAN V. GEREZ,<br><br>           Plaintiff,<br><br>      v.<br><br>R. CASTRO, et al.,<br><br>           Defendants. | No.  1:21-cv-01431-JLT-EPG (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND DIMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 12) |

Bogdan V. Gerez is a state prisoner who asserts his constitutional rights were violated at Pleasant Valley State Prison by officers Castro and Arredondo.[1] (*See* Doc. 9.) On January 28, 2022, the assigned magistrate judge reviewed Plaintiff's First Amended Complaint and found he stated a cognizable claim for violations of his rights under the Fourth and Eighth Amendment against defendant Castro only. (Doc. 12 at 7-9.) However, the magistrate judge determined Plaintiff failed to state a claim for a violation of his right to due process against defendant Arredondo. (*Id.* at 10-11.) Therefore, the magistrate judge recommended the case proceed on Plaintiff's Fourth and Eighth Amendment claims against Castro, and the due process claim against Arredondo be dismissed. (*Id.* at 12.)

The Findings and Recommendations permitted Plaintiff twenty-one days to file any

---

[1] Originally, Plaintiff also named Officer Roacha as a defendant. (*See* Doc. 1 at 1-2.) However, Plaintiff did not again identify Officer Roacha as a defendant in the First Amended Complaint. (*See* Doc. 9 at 2, 6.)

1

1    objections. (Doc. 12 at 12-13.) On February 18, 2022, Plaintiff filed a "declaration," stating he

2    "has no objections" to the conclusions in the Findings and Recommendations. (Doc.13 at 1.)

3    However, Plaintiff requests the Court: correct reported factual errors, provide a copy of his First

4    Amended Complaint, and "properly seal" mail issued from the Court in this case. (*Id.* at 1-6.)

5        Plaintiff asserts the Findings and Recommendations incorrectly state an "unknown (ISU)

6    officer" interviewed him, instead of "D. Stiles." (Doc. 13 at 4.) This is a reference to the

7    following portion of Plaintiff First Amended Complaint:

8
> Then further, on the same day of (10/22/19), Plaintiff also submits a (CDCR: 602-Appeal-Log# 19-02220), for the Prison Rape Elimination Act (PREA) incident of (10/02/19), that the Defendant R. Castro (IGI/ISU), committed towards the Plaintiff. Then on (10/29/19), Plaintiff gets called out to (D-Yards) program office again, then once in the program office now, Plaintiff gets interviewed (audio recorded) interviewed, by an (unknown name) (ISU) officer, about the Plaintiffs retaliation claims, about the (10/02/19) (PREA) Incident of Defendant R. Castros (IGI/ISU), And (C/O) A. Roachas [] wrongful misconduct.
> . . . .
>
> Then further, on (11/08/19), the Plaintiff gets called out to (D-Yards), program office again, to be interviewed by [] (LT) D. Stiles, about the (CDCR: 602-Appeal-Log#: 19-02220), for the (PREA) incident/violation of (10/02/19), that the Plaintiff submitted.

16   (Doc. 9 at 12-13.) This was summarized as follows by the magistrate judge:

> On October 22, 2019, Plaintiff filed a grievance relating to the October 2, 2019 incident and was interviewed by an unknown ISU officer for his "retaliation claims." Plaintiff stated that he believed that he was being retaliated against for reporting the October 2, 2019 incident, stating that Roacha falsified RVRs. Plaintiff was later interviewed by Lieutenant Stiles regarding the October 2, 2019 incident and recounted his belief that he was being retaliated against.

21   (Doc. 12 at 6) (internal citations omitted).

22        The Court does not see any error in this passage, which simply summarizes Plaintiff's

23   assertions that he was interviewed by an unknown ISU Officer and Lieutenant Stiles. Moreover,

24   Plaintiff indicated he agrees with the ultimate recommendation that this case proceed only on his

25   Fourth and Eighth Amendment claims against Castro. (Doc. 13 at 1.) Any error related to the

26   identity of the officers who interviewed Plaintiff has no impact on the matter going forward and is

27   immaterial. Therefore, the Court finds no reason to not adopt the Findings and Recommendations

28   as issued on this basis.

As for Plaintiff's request for a courtesy copy of his First Amended Complaint, he states he did not receive the courtesy copy that the magistrate judge directed be provided. (Doc. 13 at 5-6; Doc. 12 at 12.) The Clerk's Office has since mailed Plaintiff a copy of his First Amended Complaint, and confirmed the mailing on the docket on February 22, 2022. Consequently, this request is now moot.

Finally, Plaintiff requests the Clerk's Office "properly seal" mail issued from the Court in this case, noting the mail is sealed with tape rather than the envelope adhesive. (Doc. 13 at 6.) He asserts correctional officers tamper with his legal mail, and requests the Court no longer use tape to seal the envelopes. (*Id.*) Notably, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail" that is subject to confidentiality. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("When a prisoner receives confidential legal mail that has been opened and re-sealed, he may understandably be wary of engaging in future communication about privileged legal matters."). Likewise, filings by litigants in a federal case "are a matter of public record and are not confidential legal mail." *Zamaro v. Moonga*, No. 1:09-CV-00580-GSA PC, 2009 WL 5197851, at *2 (E.D. Cal. Dec. 22, 2009), *aff'd*, 656 F. App'x 297 (9th Cir. 2016). Accordingly, Plaintiff's facility has no obligation to treat mail from this Court as "confidential legal mail," and the Court declines to direct the Clerk's Office regarding the manner in which envelopes are sealed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire matter— including Plaintiff's declaration— the Court finds the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request for revision of the factual recitations in the Findings and Recommendations is **DENIED**.
2. Plaintiff's request for the Clerk of Court to mail him a courtesy copy of his First Amended Complaint is denied as **MOOT**.

3. Plaintiff's request for the Clerk of Court to alter its procedures regarding the sealing of Court-issued mail is **DENIED**.
4. The Findings and Recommendations issued on January 28, 2022 (Doc. 12) are **ADOPTED**.
5. Plaintiff's due process claim against Defendant Arredondo is **DISMISSED**.
6. Plaintiff's claims against Defendant Roacha—which were abandoned in the First Amended Complaint—are **DISMISSED**.
7. The Clerk of Court is directed update the docket and terminate A. Roacha and P. Arredondo as defendants.
8. This case **SHALL** proceed only upon Plaintiff's Fourth and Eighth Amendment claims against Defendant Castro; and
9. This case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **February 25, 2022**

UNITED STATES DISTRICT JUDGE